UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DOWELL BAILEY, JR.,

      Petitioner,    CASE No. 06-14099

v.             HONORABLE DENISE PAGE HOOD

WILLIE SMITH,

      Respondent[1].
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

### I. INTRODUCTION

Petitioner Jerry Dowell Bailey, Jr. is currently imprisoned at the Ionia Maximum Correctional Facility in Ionia, Michigan. Petitioner was convicted of three counts armed robbery, first-degree home invasion, felon in possession of a firearm and possession of a firearm during the commission of a felony. On September 29, 2004, Petitioner was sentenced as a third habitual offender and sentenced to concurrent terms of 35 years and 7 months to 60 years imprisonment. Petitioner appealed as of right to the Michigan Court of Appeals through counsel and raised additional claims pro se. The Court of Appeals found no merit with Petitioner's claim and affirmed his conviction and sentence. *People v. Bailey*, No. 258705, 2006 WL 954189 (Mich. Ct. App. Apr. 13, 2006). Petitioner proceeded pro se and sought leave to appeal his claims to the Michigan Supreme Court. The Supreme Court denied Petitioner's application for leave. *People v. Bailey*, 476 Mich. 866, 720 N.W. 2d 308 (2006). Petitioner filed this instant application for a writ

---

[1]By Order entered January 14, 2008, Willie Smith has been substituted for Kenneth McKee as the proper respondent in this action.

1

of habeas corpus on September 19, 2006. **[Docket No. 2]**. Petitioner then filed an amended petition on December 20, 2006 **[Docket No. 7]** and a brief in support on February 1, 2007**[Docket No 8]**. This matter is before the Court on Magistrate Paul J. Komives's Report and Recommendation **[Docket No. 21, filed January 14, 2008]**. The Petitioner filed an objection to the Report and Recommendation **[Docket. No. 23, filed February 8, 2008]**. For the reasons stated above this Court adopts the Magistrate Judge's Report and Recommendation.

## II. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

The standard of review to be employed by the Court when examining Petitioner's application is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, because the application was filed after April 24, 2006. In regards to granting habeas corpus relief the AEDPA provides in pertinent part, the following:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III. ANALYSIS

Petitioner claims several errors occurred during the course of his state court proceedings. Petitioner claims a Brady Act violation alleging that he was denied a fair trial and a right to present a defense because of the loss of potentially exculpatory evidence prior to trial, suppression of fingerprint evidence and the failure to give an adverse inference instruction to the jury. The Due Process Clause requires the state to disclose exculpatory evidence to the defense. *Brady v. Maryland*, 373 U.S. 83 (1963). To establish a *Brady* violation claim, petitioner must show: (1) evidence was suppressed by the prosecution in that it was not known to petitioner and not available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of petitioner's guilt. *Strickler v. Green*, 527 U.S. 263, 281-82 (1999). In a case involving potentially useful evidence, the defendant must show "bad faith on the part of the police." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). The presence of bad faith for purposes of the Due Process Clause must necessarily turn on the knowledge of the exculpatory value of the evidence at the time it was lost or destroyed. *Id.* Therefore, where the government is negligent, even grossly negligent, in failing to preserve potential exculpatory evidence, the bad faith requirement is not satisfied. *United States v. Wright*, 260 F.3d 568, 570 (6th Cir. 2001). Further, Michigan law allows an adverse inference instruction based on police destruction of evidence only when the police acted in bad faith. The record does not contain any evidence suggesting bad faith in destruction of the wallet, therefore Petitioner was not entitled to an adverse inference instruction.

3

Petitioner also claims constitutional violations because of ineffective assistance to counsel, failure to get an endorsed witness to trial and judicial partiality. 28 U.S.C. § 2254(i) provides that: "the effectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Petitioner's claim of a constitutional violation by not calling a *res gestae* witness is also not proper here as it raises solely a state law question and errors of state law do not provide basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Further, habeas relief on the basis of judicial bias is appropriate only if "the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995). Here, Petitioner claims that the judge formulated his own jury instructions rather than relying on standard jury instructions, and, in response to a note from the jury asking questions, the judge expressed his frustration with the jury to counsel, outside the presence of the jury. Petitioner has pointed to no circumstances raising an inference of bias on the part of the trial judge, however, nor has he pointed to any other evidence of judicial bias.

Petitioner also claims that the trial court erred in sentencing him as a third habitual offender based on the old version of Michigan's habitual offender statute (MICH. COMP. LAWS §§ 769.10-13) which required that habitual offender status be charged as a crime and proven to a jury. In 1994, the Michigan legislature amended the habitual offender statute to make habitual offender status a sentence enhancement rather than a separate crime. Under the new amendment the prosecutor is not required to file an information charging petitioner as a habitual offender. Petitioner only has the right to be notified of the prosecution's intent to seek enhancement and

4

must be given an opportunity to object, but any violation of this right is a state law issue not reviewable in a habeas corpus action. *Randolph v. Romanoski*, No. 06-CV-11201, 2007 WL 4181269, slip op. at 11 (E.D. Mich. Nov. 27, 2007).

Petitioner objects to Magistrate Judge Paul J. Komives's Report and Recommendation to deny his application for writ of habeas corpus. Petitioner asserts that the Magistrate Judge's decision is incorrect and that all claims asserted should be found in his favor. However, Petitioner has failed to provide proof to show that the decision was "contrary to, or involved an unreasonable application of clearly established law..." nor has he provided evidence to show that the decision "was based on an unreasonable determination of the facts in light of the evidence presented..." 28 U.S.C. § 2254(d). Petitioner is challenging his sentence based on claims of which he has no evidence. As such, Petitioner is not entitled to habeas corpus relief.

## IV. CONCLUSION

The Court adopts Magistrate Judge Paul J. Komives's Report and Recommendation. Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul J. Komives, **[Docket No. 21, filed January 14, 2008]** is ACCEPTED and ADOPTED as this Court's finding and conclusions of law.

IT IS ORDERED that Petitioner Jerry Dowell Bailey, Jr.'s Petition for Habeas Corpus **[Docket No. 1, filed September 19, 2006]** is DISMISSED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

5

Dated: June 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and :

Jerry Bailey #194330
Ionia Maximum Correctional Facility
1576 W. Bluewater Hwy.
Ionia, MI 48846

on June 30, 2008, by electronic and/or ordinary mail.

                S/Lisa Ware for William F. Lewis
                Case Manager